# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS ADAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RICHARD CATRAMBONE and GREAT ) <br> LAKES BUILDING MATERIALS, INC., ) <br> ) <br> Defendants. ) <br> ) | No. 02 C 8700 <br><br> Magistrate Judge Maria Valdez |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the following motions: (1) Plaintiff's Motion to Strike Defendants' Affirmative Defenses Under Fed. R. Civ. P. 8 & 16; (2) Plaintiff's Motion for Separate Trials on the Issue of Liability and Damages; and (3) Plaintiff's Motion Under Fed. R. Civ. P. 56(d) and 16(c) to Deem Certain Facts Established for the Purposes of Trial.

Plaintiff's unopposed Motion for Separate Trials on the Issue of Liability and Damages [Doc. No. 97] is GRANTED. For the reasons that follow, Plaintiff's Motion to Strike Defendants' Affirmative Defenses Under Fed. R. Civ. P. 8 & 16 [Doc. No. 96] and Plaintiff's Motion Under Fed. R. Civ. P. 56(d) and 16(c) to Deem Certain Facts Established for the Purposes of Trial [Doc. No. 98] are DENIED.

A.     **<u>Plaintiff's Motion to Strike Defendants' Affirmative Defenses</u>**[1]

Plaintiff brings his Motion to Strike Defendants' Affirmative Defenses pursuant to Federal Rules of Civil Procedure ("Rule") 8 and 16(c), asking the Court to strike Defendants' affirmative defenses of statute of frauds, release, breach of fiduciary duty, and breach of duty of loyalty. Rule 8 provides, in relevant part: "In pleading to a preceding pleading, a party shall set forth affirmatively . . . release, . . . statute of frauds, and any other matter constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c).

Plaintiff argues that Defendants' affirmative defenses are not properly pleaded under the three-part test often used to analyze motions to strike: (1) whether the matter is properly pleaded as an affirmative defense; (2) whether the defense is adequately pleaded under Rules 8 and 9; and (3) whether the defendant sets forth facts in support of the affirmative defense which, if proved, would defeat the complaint, under the same standard as motions brought under Rule 12(b)(6). *See Tome Engenharia e Transportes, Ltd. v. Malki*, No. 94 C 7427, 1996 WL 172286, at *9-10 (N.D. Ill. Apr. 11, 1996). Plaintiff maintains that the affirmative defenses should be stricken because they do not assume the allegations of the complaint to be true and therefore are not properly pleaded as affirmative defenses; do not plead the essential elements of the defenses; and/or do not plead existing facts that would defeat the claims of the complaint.

---

[1] Plaintiff's motions were filed on the date set for the filing of motions *in limine* and the pretrial order. Accordingly, Defendants' responses to the motions mistakenly assumed that the present motions were motions *in limine*. In a later filing and in open court, however, Plaintiff denied that the motions were intended to be motions *in limine*. In fact, no motions *in limine* were filed by Plaintiff. The Court will therefore disregard Defendants' responses to the extent they argue that the motions were improperly brought as motions *in limine*.

The Court, however, need not decide whether or not the affirmative defenses were sufficiently pleaded under Rule 8(c) because Plaintiff has failed to bring the motion to strike in a timely manner.  Rule 12(f), which governs motions to strike yet was inexplicably not mentioned in Plaintiff's motion, provides:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f); *see Tome Engenharia e Transportes*, 1996 WL 172286, at *9 (explaining that a motion to strike under Rule 12(f) is the procedural means for objecting to an insufficient defense).

Attached to Plaintiff's motion as exhibits are Defendants' Answer to Complaint and Affirmative Defenses, filed on April 5, 2004; and Defendants' Federal Rule 15(a) Motion to Amend Affirmative Defenses, filed on July 15, 2004, both of which were filed with certificates of service.  Plaintiff did not move to strike the defenses within twenty days after service of the pleadings, and he has offered no excuse for the delay.

Plaintiff also has not established that the defenses should be stricken under Rule 16(c).  It is unclear to which subsection of Rule 16(c) Plaintiff's motion refers, as the rule is mentioned only in the title, not the body, of the motion.  Presumably Plaintiff relies on the language of the rule stating that "the court may take appropriate action, with respect to (1) the formulation and simplification of the issues, including the elimination of frivolous claims or defenses; [and] (9) such other matters as may facilitate the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c).  Plaintiff, however, has not shown that the affirmative defenses are

frivolous, and he fails to explain how striking the affirmative defenses will simplify the case for trial. Plaintiff's motion to strike Defendants' affirmative defenses is therefore denied.

**B.     Plaintiff's Motion Under Fed. R. Civ. P. 56(d) and 16(c) to Deem Certain Facts Established for the Purposes of Trial**

Plaintiff next asks the Court to deem admitted certain facts that were included in Defendants' response to Plaintiff's Local Rule 56.1 Statement of Additional Facts filed in connection with Defendants' summary judgment motion, which was denied in March 2006. Plaintiff now moves the Court to supplement the March order by deeming certain facts established for the purposes of trial, relying on Rule 56(d):

> If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

Fed. R. Civ. P. 56(d).

District courts are given this authority under Rule 56(d) in order to "'serve the salutary purpose of allowing a Court to see to it that the expenditure of time by the parties and the Court on a failed summary judgment motion has not been in vain.'" *Tome Engenharia e Transportes, Ltda. v. Malki*, No. 94 C 7427, 2003 WL 21372466, at *7 (N.D. Ill. June 12, 2003) (quoting *Olech v. Vill. of Willowbrook*, No. 97 C 4935, 2002 WL 31317415, at *2 (N.D. Ill. Oct. 10, 2002)). In the order denying Defendant's motion for summary judgment, this Court did not make a Rule 56(d) finding, and Plaintiff did not request one at the time. The Court declines the

invitation to now reexamine the pleadings and evidence, and interrogate counsel on the issues, more than six months after the summary judgment motion was adjudicated.

Furthermore, while a "fundamental purpose" of the rule is to streamline the trial, Plaintiff has not established that a Rule 56(d) finding would reduce the number of witnesses, reduce the time for the presentation of evidence, or otherwise facilitate the resolution of this case. *See id.* at \*8. For the same reasons, the motion also fails under Rule 16(c).

## CONCLUSION

Plaintiff's unopposed Motion to for Separate Trials on the Issue of Liability and Damages [Doc. No. 97] is GRANTED. Plaintiff's Motion to Strike Defendants' Affirmative Defenses Under Fed. R. Civ. P. 8 & 16 [Doc. No. 96] and Plaintiff's Motion Under Fed. R. Civ. P. 56(d) and 16(c) to Deem Certain Facts Established for the Purposes of Trial [Doc. No. 98] are DENIED.

**SO ORDERED.**

**DATE:** October 26, 2006

**ENTERED:**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**

5