IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS ADAMS, )
)
    Plaintiff, )
)
vs. )
) No. 02 C 8700
RICHARD CATRAMBONE and )
GREAT LAKES BUILDING )
MATERIALS, INC. ) Magistrate Judge Maria Valdez
)
    Defendants )

FILED
MAR 21 2007
MAGISTRATE JUDGE MARIA VALDEZ
UNITED STATES DISTRICT COURT

## DEFENDANTS MOTION FOR A JUDGMENT AS A MATTER OF LAW

### Standard of Review

The standard for judgment as a matter of law is similar to a summary judgment in that the inquiry under each is the same. Mohr v. City of Chicago, 155 F.Supp.2d 923, 926(N.D. Ill. 2001). A judgment as a matter of law is appropriate when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED.R.CIV.P. 50(a). The Court views the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in the party's favor. Id. "A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." FED.R.CIV.P. 50(a).

### Breach of Contract

Plaintiff claims to be a shareholder of Great Lakes Building Materials, Inc., pursuant to an oral agreement with Defendants. To establish the existence of an enforceable oral contract, a party must demonstrate three essential elements: (1) an offer, (2) acceptance, and (3)

consideration to support the formation of a legally enforceable agreement. Cotia Steel Company v. Southlake Steel Corporation, 1992 WL 132839 *2 (N.D. Ill. 1992); Ecologix, Inc. v. Fansteel, Inc., 676 F.Supp. 1374, 1379 (N.D.Ill.1988). The terms of the contract must be easily ascertainable from the acts and words of the parties. Cotia Steel Company, 1992 WL 132839 *2. For an oral contract to exist, the parties must have a meeting of the minds with respect to the terms of the agreement and must intend to be bound by the oral agreement. Podolsky v. Alma Energy Corp., 143 F.3d 364, 369 (7th Cir. 1998). The burden of proof rests with the party asserting the existence of an oral contract to prove its existence, and its definite and certain terms. Id. The determination of whether a contract exists is a question of fact for the trier of fact. Id.

To meet the requirement of a valid offer, an offer must have definite, material terms, or require definite terms in the acceptance, so that the promises and performances to be rendered by each party are reasonably certain. Hytel Group, Inc. v. W.L. Gore & Associates, Inc., 2004 WL 524440 *4 (N.D. Ill. 2004) citing Rose v. Mavrakis, 799 N.E.2d 469, 473 (Ill. App. Ct. 2003). Although a contract may be missing some terms, or may leave terms to be agreed upon; if an essential term is missing in an offer, the contract lacks mutual assent and is unenforceable. Rose, 799 N.E.2d at 473.

Acceptance of an offer is an offeree's manifestation of assent to the terms of the offer in a manner required by the offeror. In re Marriage of Bennett, 587 N.E.2d 577, 580 (Ill. App. Ct. 1992); RESTATEMENT (SECOND) OF CONTRACTS § 50 (1979).

Consideration is the bargained-for exchange of promises or performances. DiLorenzo v. Valve and Primer Corp., 807 N.E.2d 673, 678 (Ill. App. Ct. 2004). Valuable consideration consists of some right or benefit accruing to one party, or some detriment or loss suffered or

undertaken by the other party. Stolzenbach v. Pagoria, 390 N.E.2d 376, 379 (Ill. App. Ct. 1979) citing Lipkin v. Koren, 64 N.E.2d 890, 883 (Ill. 1946). A detriment means "giving up something which immediately prior thereto the promisee was privileged to retain, or doing or refraining from doing something which he was then privileged not to do, or not to refrain from doing." In re Marriage of Bennett, 587 N.E.2d at 580 citing 1 S. Williston, Contracts § 102A, at 380-82 (3d ed. 1957). Benefit means "the receiving as the exchange for his promise of some performance or forbearance which the promisor was not previously entitled to receive." In re Marriage of Bennett, 587 N.E.2d at 580 citing 1 S. Williston, Contracts § 102A, at 380-82 (3d ed. 1957).

Mutual mistake—as a defense???

### Plaintiff cannot prove that he is a shareholder argument here

As stated above, Plaintiff claims that as a shareholder he is entitled to recovery due to Mr. Catrambone's breach of fiduciary duty. However, Plaintiff cannot prove that he was a shareholder. As stated above, Plaintiff fails to meet the elements of a valid oral agreement to purchase shares. Additionally, Plaintiff fails to prove that he is a shareholder, apart from the alleged oral agreement.

Directors of a corporation owe a fiduciary duty to shareholders of a corporation. Karris v. Water Tower Trust & Sav. Bank, 389 N.E.2d 1359, 1368-70 (Ill. App. 1979). According to Illinois law, a shareholder is one who is a holder of record of shares in a corporation. 805 ILCS 5/1.80 (West 2004). In determining whether an individual is a shareholder of record, a certificate of stock is merely evidence and inconclusive. Fourdyce v. Bay View Fish Co. Inc., 443 N.E.2d 790, 792 (Ill. App. 1982). However, a rebuttable presumption of shareholder status arises when a person votes shares at a shareholder meeting and when a person is elected as a director or

officer of a corporation whose by-laws require the holders of such positions to be shareholders. Id. at 793.

## Illinois Wage Claim Act

Plaintiff's Illinois Wage Payment and Collection Act claim fails for two reasons. First, Plaintiff does not meet the definition of a Great Lakes employee under the Illinois Wage Act. Second, even if Plaintiff was an employee of Great Lakes, Plaintiff was only entitled to prompt and full payment of wages due at the time of employment separation since there was no contract between Plaintiff and Defendant.

*Note an Employee here*

Plaintiff does not meet the definition of an employee under the Illinois Wage Payment and Collection Act. Upon an employee's separation, an employer is required to pay the full amount of the employee's final compensation within the next regularly scheduled pay period. Byung Moo Soh v. Target Marketing Systems, Inc., 817 N.E.2d 1105, 1107 (Ill. App. Ct. 2004). The term employee includes any individual permitted to work by an employer, but shall not include any individual: (1) who has been and will continue to be free from control and direction over the performance of his work; (2) who performs work which is either outside the usual course of business, or is performed outside of all places of business of employer; and who are is an independently established trade, occupation, profession, or business. 820 ILCS 115/2 (West 2004).

In the case at bar, Plaintiff fails to meet the definition of employee and is therefore barred from recovery pursuant to the Illinois Wage Payment and Collection Act.

*No Agreement Breached*

Plaintiff was only entitled to prompt and full payment of wages due at the time of separation from employment since there was no contract or agreement between Plaintiff and Defendant. According to the act, wages include any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the two parties. 820 ILCS 115/2 (West 2004). In <u>Rakos v. Skytel Corp.</u>, 954 F.Supp. 1234, 1235 (N.D. Ill. 1996), the plaintiff, Rakos resigned from his employment, and brought an action against the defendant. Rakos sought commissions pursuant to an alleged specific agreement, not a general employment at-will agreement. <u>Id</u>. at 1237. The District Court initially found that Rakos did not have a valid contract which entitled him to commissions. <u>Id</u>. at 1240. Therefore the Court determined that Rakos was not entitled to receive commissions pursuant to the Illinois Wage Payment and Collection Act since the plaintiff could not prove that a contract existed. <u>Id</u>.

### Plaintiff's Interference With Prospective Economic Advantage Claim

Plaintiff's claim that Mr. Catrambone interfered with his prospective economic advantage also fails. Illinois courts recognize that a terminable at-will employee is able to bring an interference with prospective economic advantage claim. <u>3COM Corporation v. Electronic Recovery Specialists, Inc.</u>, 104 F.Supp.2d 932, 938 (N.D. Ill. 2000). To succeed on the claim, Plaintiff must prove that: (1) he had a reasonable expectation of entering into a valid business relationship; (2) the defendant had knowledge of the plaintiff's expectance; (3) the defendant intentionally and maliciously acted with the purpose of defeating the plaintiff's expectancy; and (4) the plaintiff was damaged as a result of the interference. <u>Small v. Sussman</u>, 713 N.E.2d 1216, 1223 (Ill.App.Ct.1999). Here, Plaintiff failed to prove the necessary elements required to succeed in an interference with prospective economic advantage claim.

First, Plaintiff failed to prove that he had a reasonable expectation of entering into a valid business relationship with Great Lakes Building Materials, Inc. Small v. Sussman 713 N.E.2d at 1223. In Fellhauer v. City of Geneva, 568 N.E.2d 870, 878 (Ill. 1991), the court recognized a legitimate expectancy in an employment relationship. The court further found that it was immaterial whether the employment relationship was for a fixed period or terminable at will, so long as both parties are willing and desiring to continue the employment under the contract for an indefinite period of time.

In Speakers of Sport, Inc. v. Proserv, Inc., 1998 WL 473469 * 2 (N.D. Ill. 1998), the plaintiff (Speakers) filed a tortious interference with prospective economic relations claim against the defendant (Proserv). In July 1991, Speakers entered into a series of terminable at-will contracts with Rodriguez, serving as Rodriguez's agent until 1995. Id. Rodriguez began speaking to Proserv in mid-1994, and later met with them in February 1995. Id. Proserv argued that because Rodriguez was an employee at-will, Speakers had no reasonable expectation to continue representing Rodriguez after the year long contract expired. Id. Proserv also argued that Speakers had no reasonable expectation of continuing the business relationship since Speakers and Rodriguez had differences during their relationship (Rodriguez was concerned that Speakers devoted too much time to other athletes). Id. 1-2. The Appellate Court disagreed, finding a reasonable expectation of a continuing business relationship, in part due to the fact that Rodriguez had been with speakers for over two-and-a-half years, despite the fickle relationship. Id.

The case at bar is similar to Speakers of Sport. In Speakers of Sport, the Appellate Court found that the plaintiff had a reasonable expectation of continuing a business relationship because Rodriguez had been with the plaintiff for over two-and-a-half years. In the case at bar,

Plaintiff was only employed by Great Lakes Building Materials, Inc., for just over one year. Here, the employment relationship between Plaintiff and Great Lakes Building Materials, Inc., was... go into how he and Catrambone would argue—it was not a reasonable expectation that he would continue employment—especially after he solicited customers, solicited employees, sought to build upon his already existing business, worked for other companies, spoke poorly of Great Lakes.

Second, Plaintiff also failed to prove that Mr. Catrambone had knowledge of Plaintiff's reasonable expectation of continuing his business relationship with Great Lakes Building Materials, Inc. <u>Small v. Sussman</u> 713 N.E.2d at 1223. Here, Plaintiff could not... INSERT

Third Plaintiff failed to prove that Mr. Catrambone intentionally and maliciously acted with the purpose of defeating Plaintiff's legitimate expectation. <u>Small v. Sussman</u> 713 N.E.2d at 1223. In the context of interference with prospective economic relations, malicious means intentional and without justification. <u>Small</u> 713 N.E.2d at 1223.

/s/ Peter S. Faraci,

FARACI & FARACI
301 W. Touhy
Park Ridge, IL 60068
(847) 292-0031