# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Maria Valdez | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8700 | **DATE** | 2/14/2011 |
| **CASE TITLE** | Adams vs. Catrambone, et al | | |

**DOCKET ENTRY TEXT**

WRITTEN Opinion entered by the Honorable Maria Valdez: Plaintiff's Motion for Order Compelling Richard Catrambone to Pay Expenses Incurred in Proving Facts That He Refused to Admit [279] is granted. Plaintiff is directed to file a motion for fees and expenses pursuant to the procedures set forth in Local Rule 54.3. For purposes of the Local Rule's timing requirements, the effective date of the judgment on which the fee motion is based is the date of this order

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

On September 30, 2010, this Court entered a final judgment order assessing damages against Defendants, who were previously found liable by a jury. This matter is now before the Court on Plaintiff's Motion for Order Compelling Richard Catrambone to Pay Expenses Incurred in Proving Facts That He Refused to Admit [Doc. No. 279], pursuant to Federal Rule of Civil Procedure ("Rule") 37(c). The motion is based on defendant Richard Catrambone's denial of certain requests to admit served on him by Plaintiffs on December 6, 2006. The requests concerned the question of Plaintiff's status as a shareholder in Great Lakes Building Materials, Inc., which was a contested issue at trial. Plaintiff thus expended resources during trial to prove these facts and the genuineness of documents that would not have been necessary had Catrambone admitted them.

Pursuant to Rule 37(c)(2): "If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof." *See Climco Coils Co. v. Siemens Energy & Automation, Inc.*, No. 04 C 50342, 2006 WL 850969, at *1 (N.D. Ill. Mar. 28, 2006).

Rule 37(c)(2) further provides that "[t]he court *must* so order unless: (A) the request was held objectionable under Rule 36(a); (B) the admission sought was of no substantial importance; (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or (D) there was other good reason for the failure to admit." Fed. R. Civ. P. 37(c)(2) (emphasis added). Plaintiff argues that none of these grounds exists in this case, and his fees and expenses in proving the issues Catrambone failed to admit must be awarded.

Defendant's response to the motion was due on January 20, 2011, but no response or motion for an extension

## STATEMENT

of time has been filed to date. Because none of the exceptions to payment of expenses have been raised, Plaintiff's Motion for Order Compelling Richard Catrambone to Pay Expenses Incurred in Proving Facts That He Refused to Admit [Doc. No. 279] is granted. Plaintiff is directed to file a motion for fees and expenses pursuant to the procedures set forth in Local Rule 54.3. For purposes of the Local Rule's timing requirements, the effective date of the judgment on which the fee motion is based is the date of this order.