IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 02 C 8700 |
| RICHARD CATRAMBONE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MOTION[1] TO CANCEL FRAUDULENT TRANSFER (LAND TRUST)

Plaintiff Thomas Adams, by and through his attorneys, Carlton Odim of Odim Law Offices and Jeffrey Antonelli of the Law Office of Jeffrey J. Antonelli, Ltd., moves the court pursuant to Federal Rules of Civil Procedure 69 (a), the Illinois statute governing post-judgment supplementary proceedings, 735 ILCS 5/2-1402, and the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/5(a)(1), *et seq.* to cancel a fraudulent transfer of his interest in a Chicago Title and Trust Land Trust made by the defendant Richard Catrambone to his wife Lorraine Catrambone, as well as to seek relief which would enjoin Richard Catrambone from further flouting of the Court's judgment in this matter. In support of this motion, the plaintiff states as follows:

1. This case was filed as a civil action against Richard Catrambone and Great Lakes Building Materials, Inc. for compensatory and punitive damages arising from claims for an equitable accounting (Count 1), back wages (Count 2), reimbursement of business expenses (Count 3), interference with prospective business advantage (Count 4), and breach of fiduciary duties (Count 5).

2. On September 10, 2010, this Court entered final judgment for compensatory and punitive damages in favor of plaintiff against Richard Catrambone for a total of $659,535.37. (Docket #

---

1 Contemporaneously with this motion Plaintiff Adams is filing his his motion for Preliminary Injunction.

277). That judgment remains unsatisfied.

3. On August 24, 2006 on the eve of the first scheduled trial date and just before September 5, 2006 when the final pre-trial order was to be filed (Docket #89) Richard Catrambone assigned his interest in Chicago Title Land Trust No. 1105397 dated 1/23/1998 ("Trust No. 1105397") to his wife Lorraine Catrambone ("Fraudulent Transfer") with actual intent to hinder, delay, or defraud the plaintiff, by among other things shielding his interest in Trust No. 1105397 from the plaintiff and from the collection of judgment in this case. Exhibit A

4. During the post-judgment supplementary proceedings phase of this case Plaintiff's counsel first discovered the Fraudulent Transfer, evidence of which was contained in an answer to a Third Party Citation by United Central Bank, which was served on plaintiff's counsel in April 19, 2011. A copy of the relevant portion of the answer is attached as Exhibit A.

5. Plaintiff could not have learned of the Fraudulent Transfer prior to initiating post-judgment proceedings in this case and reviewing documents in answer to the Third Party Citation, because the evidence of the Fraudulent Transfer is contained in non-public documents in the possession of Richard Catrambone, his wife, his agents, and Trust No. 1105397 to which the plaintiff had no access until he had access to post-judgment discovery procedures in this case.

6. This motion is being filed within one within one year after the Fraudulent Transfer was or could reasonably have been discovered by the plaintiff. 740 ILCS 160/10(a).

7. On August 11, 2011, Defendant Catrambone appeared for a deposition during post-judgment supplementary proceedings. The transcript of that deposition is attached as Exhibit B. During this deposition Defendant Catrambone testified that he did not remember when he assigned his interest in Trust No. 1105397, why he assigned his interest Trust No. 1105397, who created Trust No. 1105397, and what interests he held in Trust No. 1105397 before he assigned it. Exhibit B, *Catrambone Deposition*, pp 33-36.

8. Defendant Catrambone's "blindness" to his interests in Trust No. 1105397 is part of his effort to conceal his interests in Trust No. 1105397 and his fraudulent transfer of that interest to Lorraine Catrambone.

9. The transfer identified in this motion, *supra,* was fraudulent as to Plaintiff Adams under the Illinois Uniform Fraudulent Transfer Act ("IUFTA"), 740 ILCS 160/1, *et seq.* This transfer was fraudulent under 740 ILCS 160/5(a)(1) because Defendant Catrambone made the transfers with actual intent to hinder, delay and defraud Plaintiff Adams.

10. Defendant Catrambone and his wife Lorraine Catrambone have recently put up for sale real estate in Trust No. 1105397 in an attempt abscond, remove and further conceal assets. *See*, Exhibit C; 740 ILCS 160/5(b)(6) and (7).

## ARGUMENT

11. Plaintiff Adams is a "creditor" of Defendant Richard Catrambone because he has a "claim" in the amount of $659,535.37, the judgment entered against Defendant Catrambone. *See* 740 ILCS 160/2(c), (d). In turn, Defendant Catrambone is a "debtor" of plaintiff because Defendant Catrambone is liable for the judgment of $659,535.37. 740 ILCS 160/2(f).

12. A transfer made by a debtor is fraudulent as to a creditor if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor of the debtor. 740 ILCS 160/5(a)(1). In determining actual intent a court may consider, among other factors, whether:

    (1)   the transfer or obligation was to an insider;

    (2)   the debtor retained possession or control of the property transferred after the transfer;

    (3)   the transfer or obligation was disclosed or concealed;

    (4)   before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

    (5)   the transfer was of substantially all the debtor's assets;

    (6)    the debtor removed or concealed assets;

    (7)    the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

    (8)    the transfer occurred shortly before or shortly after a substantial debt was incurred;

    (9)    the transfer was otherwise made in a manner designed to work a fraud upon the plaintiff,

740 ILCS 160(b). See also *See also Caterpillar, Inc. v. Jerryco Footwear, Inc.*, 880 F. Supp. 578, 590-91 (C.D. Ill. 1994); *Kennedy v. Four Boys Labor Service, Inc.*, 279 Ill. App. 3d 361, 369, 664 N.E.2d 1088, 1093 (1st Dist. 1996).

    13.    Plaintiff Adams is entitled to an order avoiding the transfer outlined in motion, *supra,* because Defendant Catrambone has violated sections 5(a)(1) of the IUFTA. Plaintiff Adams also ask this Honorable Court for an order enjoining Defendant Catrambone, Lorraine Catrambone, and the Chicago Title Land Trust Company, from making any transfers of property or assets from Trust No. 1105397 pending the resolution of this motion without prior approval of this court.

    14.    Defendant Catramobone's transfer of his interest in Trust No. 1105397 was fraudulent under 740 ILCS 160(a)(1) and (b), because it was made to an insider, Lorraine Catrambone, who is Defendant Catrambone's wife. It was also fraudulent, because Defendant Catrambone continues to live in the property in the trust, 10756 Wentworth Avenue, Naperville, Illinois. *See* Exhibit A; Docket # 315 and 316 (pro se appearances of Richard Catrambone and Lorraine Catrambone lists10756, Wentworth Avenue, Naperville, Illinois as the address for service).

    15.    Defendant Catrambone's transfer of his interest in Trust No. 1105397 was also fraudulent because it was concealed. No public record exists of the transfer and plaintiff's counsel received information about it in response made by United Central Bank to a Third Party Citation. *See* Exhibit A.

16. Still further, Defendant Catrambone's transfer of his interest in Trust No. 1105397, because it was made during the pendency of the above-captioned lawsuit; in fact, it was made on August 24, 2006, within two weeks of the due date of the final pre-trial order and on the eve of trial. *See*, Exhibit A and Docket #89.

17. On information and belief, Defendant Catrambone's transfer of his interest in Trust No. 1105397 was a transfer of substantially all his assets, made when Defendant Catrambone was insolvent or shortly before he became insolvent and made for no consideration. As a result, that transfer was fraudulent.

18. In an action for relief against a transfer or obligation under the IUFTA, a creditor may obtain avoidance of the transfer to the extent necessary to satisfy the creditor's claim, an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or other property; and/or appointment of a receiver to take charge of the asset transferred or of other property of the transferee. 740 ILCS 160/8(a)(1), (3)(A) and (B).

19. Plaintiff Adams are entitled to an order avoiding the transfers described in this motion, *supra*, because Defendant Catrambone has violated sections 5(a)(1) of the IUFTA. Plaintiff Adams also asks this Honorable Court for an order enjoining Defendant Catrambone, Lorraine Catrambone, the Chicago Title and Trust Land Company, and any other as yet identified transferee, from making any transfers of property or assets from Trust No. 1105397 pending the resolution of this motion without prior approval of this court.

20. Finally, there are special circumstances in this case. Defendant Richard Catrambone is liable for a judgment for compensatory and punitive damages for fraud. It is unconscionable for him to avoid that punitive damages award (and the compensatory one as well), with another fraud – that of fraudulently transferring assets and of fraudulently concealing and hiding assets.

WHEREFORE, Plaintiff that the court:

(a) Order that the transfer Richard Catrambone made to Lorraine Catrambone of his interest in "Trust No. 1105397" is void and directing the marshall to take Richard Catrambone's interest in "Trust No. 1105397" to satisfy execution;

(b) Order the Appointment of a receiver to take charge of Defendant's assets;

(c) Enter an injunction against further disposition or assignment of property, including property in Trust No. 1105397;

(d) Discovery into all of Defendant's assets and their disposition;

(e) Fees and costs for bringing this motion to cancel; and

(f) An order that the fraudulent transfers are void and directing the marshall take the transferred property to satisfy the execution;

(g) And for any other relief the circumstances may require.

Respectfully submitted,

*[signature]*

Carlton Odim
Odim Law Offices
225 West Washington Street, #2200
Chicago, Illinois 60606
tel: (312) 578-9390
fax: (312) 924-0201
em: carlton@odimlaw.com

Jeffrey Antonelli
Law Offices of Jeffrey Antonelli, Ltd
30 North LaSalle Street, Suite 3400
Chicago, IL 60602
(312) 201-8310
em: Jeffrey@Antonelli-Law.com