IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS ADAMS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) No. 02 C 8700 |
| RICHARD CATRAMBONE, *et al.*, | ) ) |
| Defendants. | ) |

## MOTION TO CANCEL FRAUDULENT TRANSFERS[1]
## AS TO TRUCKING COMPANIES

Movant/Plaintiff **THOMAS ADAMS**, by and through his attorneys, Carlton Odim of Odim Law Offices and Jeffrey Antonelli of the Law Office of Jeffrey J. Antonelli, Ltd., moves the court pursuant to pursuant to Federal Rules of Civil Procedure 7(b) and 69(a), Illinois Supreme Court Rule 277, Section 5/2-1402 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1402) and the Illinois Uniform Fraudulent Transfer Act, 740ILCS 160/1, *et seq.* to cancel Respondent/Defendant **RICHARD CATRAMBONE'S** fraudulent transfers to his wife Lorraine Catrambone and other insiders in the trucking companies named herein, as well as to seek relief which would enjoin Richard Catrambone from further flouting of the Court's judgment in this matter. In support of this motion, the plaintiff states as follows:

1. Richard Catrambone has fraudulently transferred his ownership of SG North LLC, SG West, LLC, Sum Exp. Inc, and Summit Express, Inc. to his wife Lorraine Catrambone and on information and belief to his adult daughters Denise Catrambone Gray, and Lisa Catrambone Jacobson.

---

[1] Contemporaneously with this motion plaintiff is also filing his: (1) Plaintiff's Motion for Preliminary Injunction (Trucking Companies), (2) Plaintiff's Petition for Preliminary Injunction (Land Trust), (3) Plaintiff's Petition to Cancel Fraudulent Transfer (Land Trust), (4) Combined Memorandum of Law.

1

2. In the alternative, Richard Catrambone has fraudulently concealed his ownership in SG North LLC, SG West, LLC, and Sum Exp. Inc. by using his wife Lorraine Catrambone as the nominal owner. Plaintiff requests immediate relief from the Court by directing the marshal to seize the assets of SG North LLC, SG West, LLC, and Sum Exp. Inc. and Summit Express, Inc. and to sell them, with the sales' funds turned over to Plaintiff in partial satisfaction of his judgment.

3. Richard Catrambone also transferred the obligations owed him by SG North LLC, SG West, LLC, Sum Exp. Inc, and Summit Express, Inc. (i.e. salary, consultation fees, expenses etc) by among other things paying personal expenses from the company accounts instead of taking income, fees and expenses earned by him. See, for example, attached checks as recently as June 27, 2011 by SG North LLC to pay for the life insurance premiums of Richard Catrambone. **Exhibit H.**

4. This motion seeks judicial relief pursuant to the Illinois Uniform Fraudulent Transfer Act 740 ILCS 160/1, et seq., as well as the inherent equitable and other powers of this court, to enter an order avoiding the transfers, make a finding that SG North LLC, SG West, LLC, Sum Exp. Inc, and Summit Express, Inc. are in fact owned by Richard Catrambone, appoint a receiver to take charge of the assets transferred, impose punitive damage and attorneys' fees on Richard Catrambone for his fraudulent conduct, and any relief the court believes the circumstances may require.

## ARGUMENT

5. This case was filed as a civil action against Richard Catrambone and Great Lakes Building Materials, Inc. for compensatory and punitive damages arising from claims for an equitable accounting (Count 1), back wages (Count 2), reimbursement of business expenses (Count 3), interference with prospective business advantage (Count 4), and breach of fiduciary duties (Count 5).

6. On September 10, 2010, this Court entered final judgment for compensatory and punitive damages in favor of plaintiff against Richard Catrambone for a total of $659,535.37. That judgment remains wholly unsatisfied.

7. The transfers identified in this motion, *supra,* were fraudulent as to Plaintiff Adams under the Illinois Uniform Fraudulent Transfer Act ("IUFTA"), 740 ILCS 160/1, *et seq.* The transfers were fraudulent under 740 ILCS 160/5(a)(1) because Defendant Catrambone made the transfers with actual intent to hinder, delay and defraud Plaintiff Adams.

8. In the alternative, this Court should find that SG North LLC, SG West, LLC, and Sum Exp. Inc. are assets of Richard Catrambone, have always been his, and the use of his wife's name as the nominal owner for the SG North LLC, SG West, LLC, and Sum Exp. Inc entities was purely to conceal these assets from creditors. If this Court so finds, Plaintiff requests immediate relief by the Court directing the marshal to seize the assets of SG North LLC, SG West, LLC, and Sum Exp. Inc. and Summit Express, Inc. and to sell them, with the sales' funds turned over to Plaintiff in partial satisfaction of his judgment.

9. As seen in the accompanying Motions for Preliminary Injunctions (fn.1.), incorporated herein by reference, and the facts as provided in this motion, this court will easily infer Richard Catrambone's specific intent to defraud from the circumstances surrounding the fraudulent transaction. The court need not hear the debtor's admission of that intent. *Harris v. Aimco, Inc.,* 66 Ill.App.3d 60, 383 N.E.2d 631, 632, 22 Ill.Dec. 823 (5th Dist. 1978). §5(b) of the Uniform Fraudulent Transfer Act, 740 ILCS 160/5(b).

10. Richard Catrambone has demonstrated consistently that he is a fraudulent actor from the facts underlying the original complaint, the false testimony to this court while under oath at trial, the fraudulent transfer of the multimillion dollar land trust to his wife Lorraine on the eve of trial, his untruthful deposition testimony in August 2011, to the trucking companies scheme which is the subject of the present motion. Richard Catrambone created these trucking

3

companies, put them nominally in the names of his wife Lorraine and adult children, all the while maintaining control and dominion over them (see, for example, attached DOT records clearly demonstrating Richard Catrambone's role as consultant, owner, and Treasurer of SUM EXP INC. **Exhibits E, F, J** explained below). On information and belief after factual inquiry, there are additional property and businesses owned by Richard Catrambone, the identity and extent are under investigation by plaintiff's counsel.

11. The facts establishing SG NORTH LLC, SG WEST, LLC, SUM EXP. INC, AND SUMMIT EXPRESS, INC. were fraudulently transferred by Richard Catrambone are as follows:

### A. SUM EXP INC.

1. 2007 correspondence to SUM EXP INC., addressed to daughter Denise Gray as President of SUM EXP INC. was to the same PO Box in Naperville, Illinois that Richard Catrambone used for Defendant Great Lakes Building Materials -. P.O. BOX 4255. Naperville, IL 60567-4255. **Exhibit F. pp. 11, 14.**

2. A 2008 DOT report hand signed by Richard Catrambone for SUM EXP INC. states he is Consultant, and the report states "Richard Catrambone owns one truck tractor and trailer." **Exhibit J pp. 1, 13.**

3. 2008 and 2009 correspondence from DOT in was made to Richard Catrambone. **Exhibit F pp. 9,10.**

4. The registration of SUM EXP INC. with the Federal Motor Carrier Safety Administration, a division of the U.S. Department of Transportation ("DOT") contains the identical cellular telephone number Richard Catrambone provided in his post-judgment deposition in August 2011. **Exhibit F pp. 12,13,15; Exhibit E p. 44.** Furthermore, it shows his email address, richcat@comcast.net. **Id.**

5. The 2011 registration of SUM EXP INC. with DOT shows Richard Catrambone is the Treasurer of SUM EXP, INC. as well as its consultant. **Exhibit F pp. 9,10,12,13.**

6. The March 2011 DOT renewal application for SUM EXP INC. by Richard Catrambone shows the primary business telephone for SUM EXP INC., (708) 878-7045, is Richard Catrambone's telephone number. *Compare* DOT renewal application in March 2011, **Exhibit F, p.12** with his deposition in August 2011. **Exhibit E p. 44.**

7. On information and belief, Lorraine Catrambone's only known occupation has been as a licensed cosmetologist and she has no trucking business experience. **Exhibit G.**

8. SUM EXP, INC. was set up in Lorraine's name at the end of 2007 shortly after the closing of Great Lakes Building Materials. On information and belief SUM EXP, INC. was a substitute for the trucking entities affiliated with Great Lakes Building Materials which Richard Catrambone also owned, which the NLRB affirmed on August 10, 2007 to be the same employer as Summit Express, Inc. and Summit Truck Leasing. **Exhibit E.**

B. **SG NORTH LLC.**

1. Lorraine Catrambone is using the SG North LLC account to pay for the living expenses of Richard Catrambone. See attached checks by SG North LLC to pay for the life insurance premiums of Richard Catrambone as recently as June 27, 2011 **Exhibit H.**

2. On information and belief, Lorraine Catrambone's only known occupation has been as a licensed cosmetologist and she has no trucking business experience. **Exhibit G.**

5

C. **SG WEST, INC.**

1. On information and belief, Lorraine Catrambone's only known occupation has been as a licensed cosmetologist and she has no trucking business experience. **Exhibit G.**

D. **SUMMIT EXPRESS, INC.**

1. On information and belief after factual inquiry, SUMMIT EXPRESS, INC. continues operations. Richard Catrambone is the President of SUMMIT EXPRESS, INC. **Exhibit D.**

12. At all times relevant to the question of the fraudulent transfers described in this motion, Defendant Richard Catrambone has been insolvent because the claims and judgment against him in far exceed his ability to pay, and the insolvency was due to the fraudulent transfers.

13. The transfers described in this complaint was made with actual intent to hinder, delay or defraud the plaintiff in one or more of the following ways:

    (1)    the transfer or obligation was to an insider;

    (2)    the debtor retained possession or control of the property transferred after the transfer;

    (3)    the transfer or obligation was disclosed or concealed;

    (4)    before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

    (5)    the transfer was of substantially all the debtor's assets;

    (6)    the debtor removed or concealed assets;

    (7)    the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

    (8)    the transfer occurred shortly before or shortly after a substantial debt was incurred;

    (9)    the transfer was otherwise made in a manner designed to work a

fraud upon the plaintiff,

It is therefore a fraudulent transfer in violation of Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/5.

14. Plaintiff is entitled to relief under Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/8 (a) & (b), which provides that a creditor may obtain the following relief:

> §8. (a) (1) avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim;
>
> (2) an attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with the procedure prescribed by the Code of Civil Procedure;
>
> (3) subject to applicable principles of equity and in accordance with applicable rules of civil procedure,
>
>> (A) an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;
>>
>> (B) appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or
>>
>> (C) any other relief the circumstances may require.
>
> §8. (b) If a creditor has obtained a judgment on a claim against the debtor, the creditor, if the court so orders, may levy execution on the asset transferred or its proceeds.

15. Plaintiff is a "creditor" of Richard Catrambone because plaintiff has a "claim" in the amount of $659,535.37, the judgment entered against Richard Catrambone. *See* 740 ILCS 160/2(c), (d).

16. In turn, Richard Catrambone is a "debtor" of plaintiff because Richard Catrambone is liable for the judgment of $659,535.37. 740 ILCS 160/2(f).

17. A transfer made by a debtor is fraudulent as to a creditor if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor of the debtor. 740 ILCS 160/5(a)(1). In determining actual intent a court may consider, among other factors, whether:

> (1) the transfer or obligation was to an insider;

(2) the debtor retained possession or control of the property transferred after the transfer;
(3) the transfer or obligation was disclosed or concealed;
(4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
(5) the transfer was of substantially all the debtor's assets;
(6) the debtor absconded;
(7) the debtor removed or concealed assets;
(8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
(9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
(10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and
(11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

740 ILCS 160(b). *See also Caterpillar, Inc. v. Jerryco Footwear, Inc.*, 880 F. Supp. 578, 590-91 (C.D. Ill. 1994); *Kennedy v. Four Boys Labor Service, Inc.*, 279 Ill. App. 3d 361, 369, 664 N.E.2d 1088, 1093 (1st Dist. 1996).

14. A transfer is also fraudulent if the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due. 740ILCS 160(a)(2); *Caterpillar, Inc.*, 880 F. Supp. at 589-90.

15. In an action for relief against a transfer or obligation under the IUFTA, a creditor may obtain avoidance of the transfer to the extent necessary to satisfy the creditor's claim, an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or other property; and/or appointment of a receiver to take charge of the asset transferred or of other property of the transferee. 740ILCS 160/8( a)(I), (3)(A) and (B).

16. Plaintiff is entitled to an order avoiding the transfers outlined in paragraph 10, *supra*, because Richard Catrambone has violated sections 5(a)(I) and 5(a)(2) of the IUFTA.

**WHEREFORE**, Plaintiff prays for the following relief:

(a) Entry of an order finding that the transfers Richard Catrambone made to Lorraine Catrambone of his interest in **SG NORTH LLC, SG WEST, LLC, SUM EXP. INC, AND SUMMIT EXPRESS, INC.** is void and directing the marshal to take immediate possession of **SG NORTH LLC, SG WEST, LLC, SUM EXP. INC, AND SUMMIT EXPRESS, INC.** to satisfy execution;

(b) Order the Appointment of a receiver to take charge of Defendant's assets;

(c) Enter an injunction against further disposition or assignment of property;

(d) Discovery into all of Respondents' assets and their disposition;

(e) Fees and costs for bringing this motion to cancel; and

(f) And for any other relief the circumstances may require.

Respectfully submitted,

S/_____

Jeffrey Antonelli
Law Offices of Jeffrey Antonelli, Ltd
30 North LaSalle Street, Suite 3400
Chicago, IL 60602
(312) 201-8310
em: Jeffrey@Antonelli-Law.com

Carlton Odim
Odim Law Offices
225 West Washington Street, #2200
Chicago, Illinois 60606
tel: (312) 578-9390
fax: (312) 924-0201
em: carlton@odimlaw.com