IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS ADAMS, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) No. 02 C 8700 |
| RICHARD CATRAMBONE, *et al.*, | ) |
| Defendants. | ) |

### PETITION FOR PRELIMINARY INJUNCTION AS TO TRUCKING COMPANIES

**NOW COMES** Petitioner **THOMAS ADAMS** by and through his attorneys, Carlton Odim of Odim Law Offices and Jeffrey Antonelli of the Law Office of Jeffrey J. Antonelli, Ltd., and hereby moves this Honorable Court to issue a Preliminary Injunction and Expedited Discovery pursuant to Federal Rules of Civil Procedure 7(b), 65 and 69(a), and Section 8 of the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/1, et. Seq., and states in support of its petition as follows:

### IDENTITY OF RESPONDENTS

1. **RICHARD CATRAMBONE** is a defendant in this case and on information and belief the true owner of trucking companies **SUM EXP, INC., SG NORTH LLC, SG WEST, LLC.,** and **SUMMIT EXPRESS, INC.**

2. **LORRAINE CATRAMBONE** is the wife of defendant Richard Catrambone and is on information and belief the nominal owner of **SUM EXP, INC., SG NORTH LLC, SG WEST, LLC.,** and **SUMMIT EXPRESS, INC.**

3. **DENISE CATRAMBONE GRAY** aka Denise Gray is a daughter of Richard and Lorraine Catrambone and is President of Illinois trucking company SUM EXP, INC., located at 10031 Cummings Street, Huntley, Illinois 60142. **Exhibit A.**

- 1 -

4. **LISA CATRAMBONE JACOBSON** aka Lisa Jacobson is a daughter of Richard and Lorrain Catrambone and is the Registered Agent for trucking company SUM EXP, INC. Ms. Jacobson resides at 1070 Pearlman Dr, Lake Zurich, Illinois 60047. **Exhibit A.**

5. **JOSEPH FRANCIS BIGANE** III is the Registered Agent for SG NORTH LLC., and SG WEST, LLC., and whose office is 2100 Clearwater Dr Suite 300, Oak Brook, Illinois 60523. **Exhibits B,C.**

6. **SUM EXP, INC.,** is an Illinois corporation and trucking firm whose principle office is located at 10031 Cummings St Huntley, Illinois 60142. **Exhibits A, F.**

7. **SG NORTH LLC** is an Illinois LLC and trucking firm whose principle office is located at 10756 Wentworth Dr, Naperville, Illinois 60564. **Exhibit B.**

8. **SG WEST, LLC.,** is an Illinois LLC and trucking firm whose principle office is located at 10756 Wentworth Dr, Naperville, Illinois 60564. **Exhibit C.**

9. **SUMMIT EXPRESS, INC.** is an Illinois corporation and trucking firm, last known principle office at 7701 Blivin St, Spring Grove, Illinois 60081, whose President is Defendant Richard Catrambone. On information and belief and after factual inquiry, Summit Express, Inc. is still being operated despite being listed by the Secretary of State as being dissolved. **Exhibit D.**

## THIS COURT HAS LEGAL AUTHORITY TO GRANT THE EQUITABLE RELIEF REQUESTED

10. This Court has the legal authority to grant a Preliminary Injunction under the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/8 (a) & (b), which provide that a creditor may obtain the following relief: §8. (a) (1) avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim; (2) an attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with the procedure prescribed by the Code of Civil Procedure; (3) subject to

applicable principles of equity and in accordance with applicable rules of civil procedure, (A) an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property; (B) appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or (C) any other relief the circumstances may require. §8. (b) If a creditor has obtained a judgment on a claim against the debtor, the creditor, if the court so orders, may levy execution on the asset transferred or its proceeds.

## ARGUMENT

A. **Plaintiff Has No Adequate Remedy At Law And Will Suffer Irreparable Harm To His Ability To Satisfy The Judgment In The Absence Of An Injunction.**

11. Plaintiff has pursued supplementary proceedings under Illinois law for the past year in an attempt to satisfy the judgment entered in his favor and against Richard Catrambone. Prior to judgment, Richard Catrambone defended against Plaintiff's claims. After judgment was entered against him, Richard Catrambone has claimed he has no money or assets.

```
14 Q. No, the question was whether you have received
15 any income other than pension income, social security or
16 unemployment income since Great Lakes closed?
17 A. No.
18 Q. Do you own any bank accounts, Mr. Catrambone?
19 A. I only have one that gets my social security
20 and pension deposited into it.
21 Q. What bank is that?
22 A. I'm not disclosing that.
```

(RC depo p. 15 Aug 4 2011) Exhibit E.

```
Q. My question is what did you do in order to --
10 A. I put -- I got this and I brought this. This
11 is what I did because this is all I've got. I don't
12 have to produce anything I do not have in my possession,
13 Carlton. I do not have to, and I didn't because I don't
14 have to. In my possession. I'm not going to go produce
15 anything. I don't have to. That's your problem to do.
16 You're the one trying to find money I don't have. I'm
17 broke.
```

(RC depo p. 24 Aug 4 2011) Exhibit E.

- 3 -

12. Despite Richard Catrambone's untruthful claims of having no income and no assets, he in fact owns and controls a number of trucking companies including **SUM EXP, INC., SG NORTH LLC, SG WEST, INC., and SUMMIT EXPRESS, INC**. These companies are on information and belief owned nominally by his wife Lorraine Catrambone and other insiders including his adult children LISA CATRAMBONE JACOBSON and DENISE CATRAMBONE GRAY. For example, according to 2011 records from the United States Department of Transportation Federal Motor Carrier Safety Administration, Sum Exp listed Richard Catrambone as both Consultant and Treasurer. **Exhibit F pp. 9,10,12,13.**

13. The untruthful testimony Richard Catrambone provided on August 4, 2011 to further perpetuate his fraud on Plaintiff and on this Court as to his assets and income is as follows:

   8 Now, Mr. Catrambone, are you presently
   9 employed?
   10 A. **I'm retired.**
   11 Q. Are you presently employed?
   12 A. **I'm retired.**
   13 Q. Are you earning an income anywhere, Mr. Catrambone?
   14 A. **I am retired, living on my social security and**
   15 **my pension.**
   16 Q. Do you get wages from any source, Mr. Catrambone?
   17 A. **Asked and answered.**
   18 Q. You are aware that people can be retired and
   19 still work and earn wages?
   20 A. **Asked and answered. I'm retired on social**
   21 **security and a pension. Asked and answered.**
   22 Q. Mr. Catrambone, what are the present sources
   23 of your income?
   24 A. **Asked and answered. You can mark them. You**
   1 **can certify them. I answered it. I'm under social**
   2 **security and pension, period.**
   3 Q. Are the social security income and the pension
   4 income the only sources of your income, Mr. Catrambone?
   5 A. **Yes.**
   (RC depo pp 9,10 Aug 4 2011) Exhibit E.

   2 A. That's what I remember, okay? And I'm only --

- 4 -

```
 3 what I remember is all I can tell you. I haven't had a
 4 job since Great Lakes closed. Let's put it that way. I
 5 haven't had a job since Great Lakes closed which was in,
 6 I don't know, October --
 7 Q. I think I can figure that out.
 8 A. Yeah, October 2007.
 9 Q. So is it also fair to say that you have not
10 earned any income other than retirement income, pension
11 income or unemployment income since Great Lakes closed?
12 A. I know I was on unemployment. I haven't
13 received a check, no, from anybody, no.
14 Q. No, the question was whether you have received
15 any income other than pension income, social security or
16 unemployment income since Great Lakes closed?
17 A. No.
```
(RC depo p. 15 Aug 4 2011) Exhibit E.

14. Clearly Richard Catrambone was not truthful in his deposition on August 4, 2011, and without this Court's declaration of finding that the transfers were fraudulent and that the trucking companies, including Sum Exp, are really his, the fraud will continue to the detriment of Plaintiff and his unsatisfied judgment, and Mr. Catrambone's gaming of the court system will be rewarded.

15. **SUM EXP, INC., SG NORTH LLC, SG WEST, INC., and SUMMIT EXPRESS, INC** are privately owned - by Richard Catrambone, although nominally owned by his wife Lorraine Catrambone. Considering the actions that Richard Catrambone took to transfer and hide his assets including the million dollar home in a land trust (detailed in the accompanying motion to cancel fraudulent transfer) and his untruthful testimony during his deposition in August 2011, there is a high probability that Richard Catrambone, Lorraine Catrambone, and other insiders including his adult children LISA CATRAMBONE JACOBSON and DENISE CATRAMBONE GRAY, will cause the assets held by them including **SUM EXP, INC., SG NORTH LLC, SG WEST, INC., and SUMMIT EXPRESS, INC** will be encumbered or dissipated prior to plaintiffs' ability to satisfy the judgment. This is a form of irreparable harm that warrants a

- 5 -

preliminary injunction. *See Caterpillar, Inc.*, 880 F.Supp. at 587 (citing *Roland Machinery Co. v. Dresser Industries, Inc.*, (749 F.2d 380,386 (7th Cir. 1984)).

**B. Plaintiff Is Likely To Succeed On The Merits In His Request for Turnover Order**

16. The threshold for showing a likelihood of success on the merits is low, since a plaintiff need only show a better than negligible chance of succeeding. *Cooper v. Salazar, 196* F.3d 809,813 (7th Cir. 1999). Plaintiff here exceeds the threshold for likelihood of success in requesting this court find that **SUM EXP, INC., SG NORTH LLC, SG WEST, INC., and SUMMIT EXPRESS, INC** are all owned and directed by defendant Richard Catrambone, and merely nominally owned by Lorraine Catrambone, due to the evidence uncovered by through great effort and expense of plaintiff shown below. Thus, this Court should grant the requested preliminary injunction.

17. The facts showing Defendant Richard Catrambone is the true owner of **SUM EXP, INC., SG NORTH LLC, SG WEST, INC., and SUMMIT EXPRESS, INC.** is as follows:

   (a) **SUM EXP INC.**

   1. The registration of SUM EXP INC. with the Federal Motor Carrier Safety Administration, a division of the U.S. Department of Transportation ("DOT") contains the identical cellular telephone number Richard Catrambone provided in his post-judgment deposition in August 2011. **Exhibit F pp. 12,13,15; Exhibit E p. 44. Its also shows his email address, richcat@comcast.net. Id.**

   2. The registration of SUM EXP INC. with DOT shows Richard Catrambone is the Treasurer of SUM EXP, INC. as well as its consultant, even as recently as March 2011. **Exhibit F pp. 9,10,12,13.**

   3. A DOT report signed by Richard Catrambone himself for SUM EXP INC. in 2008 states he is Consultant, and the report states "Richard Catrambone

owns one truck tractor and trailer." **Exhibit J pp. 1, 13.**

4. Correspondence to SUM EXP INC. in 2007 addressed to Denise Gray as President of SUM EXP INC. in response to an application for registration to operate in interstate commerce, was to the same PO Box in Naperville, Illinois that Richard Catrambone used for Defendant Great Lakes Building Materials -. P.O. BOX 4255. Naperville, IL 60567-4255. **Exhibit F. pp. 11, 14.**

5. Correspondence from DOT in 2008 and 2009 was made to Richard Catrambone. **Exhibit F pp. 9,10.**

6. The March 2011 DOT renewal application for SUM EXP INC. was by Richard Catrambone, and the primary business telephone given for SUM EXP INC., (708) 878-7045, is Richard Catrambone's telephone number. Compare DOT renewal application in March 2011 with his deposition in August 2011. **Exhibit E p. 44.**

7. The April 2011 DOT renewal application for SUM EXP INC. listed the primary business telephone for SUM EXP INC. as (708) 878-7045 which is Richard Catrambone's telephone number. **Id.**

8. On information and belief, Lorraine Catrambone's only known occupation has been as a licensed cosmetologist and she has no trucking business experience. **Exhibit G.**

(b) **SG NORTH LLC. :**

1. On information and belief, Lorraine Catrambone's only known occupation has been as a licensed cosmetologist and she has no trucking business experience. **Exhibit G.**

2. Lorraine Catrambone is using the SG North LLC account to pay for the

living expenses of Richard Catrambone. See attached checks by SG North LLC to pay for the life insurance premiums of Richard Catrambone as recently as June 27, 2011 **Exhibit H.**

### (c) SG WEST, INC.,

1. On information and belief, Lorraine Catrambone's only known occupation has been as a licensed cosmetologist and she has no trucking business experience. **Exhibit G.**

### (d) SUMMIT EXPRESS, INC.

1. Richard Catrambone is the President of SUMMIT EXPRESS, INC. On information and belief after factual inquiry, SUMMIT EXPRESS, INC. continues operations. **Exhibit D**

## C. The Balance Of Harms Favors Granting The Preliminary Injunction.

18. In determining whether to grant a preliminary injunction, a court should employ a sliding scale analysis, whereby the greater the likelihood of success on the merits, the less of a showing is required relative to the risk of harm. *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). Because plaintiff has demonstrated a strong showing of likelihood of success on the request for turnover and for cancellation of fraudulent transfer, a lesser showing of the balance of harms is required in this case. To the extent that **SG WEST, INC., and SUMMIT EXPRESS, INC** may claim that they are no longer conducting business and are insolvent, such injunction will not negatively impact them.

19. Plaintiff asks this Court to enjoin these individuals and entities from transferring the subject amounts fraudulently transferred or any other property pursuant to the IUFTA, to ensure that these amounts are still available once this Court has ruled on the motions. Plaintiff asks that this Court set up reasonable safeguards while the motion to set aside the fraudulent transfers is pending in order to prevent any further fraudulent transfers or other dissipation

of property. *See Caterpillar, Inc.*, 880 F.Supp. at 587-588 (granting preliminary injunction to prevent fraudulent transfers of assets while allowing defendants to carry on their business subject to reasonable safeguards). Plaintiff requests expedited discovery to determine the current assets and commercial relationships of Lorraine Catrambone, and of the trucking entities, to aid this court in preventing dissipations and wrongful transfers prior to the ruling on the motions.

20. Conversely, plaintiff will be harmed should the requested injunction not be entered. Richard Catrambone's previous fraudulent transfers have frustrated plaintiffs' attempts to collect his judgment. Without a preliminary injunction in place while plaintiffs' motions are pending, the threat of irreparable harm exists by the imminent dissipation and/or further fraudulent transfers of the real property and trucking companies named in the post-judgment motions, because . Richard Catrambone has shown he will fraudulently transfer assets - he has done so in the past and continues his fraud upon the court in his August 2011 deposition denying any assets or income when the opposite is true.

21. Furthermore, evidence exists that Lorraine Catrambone is using the SG North LLC account, and more likely than not that of the other trucking companies, to pay for the living expenses of Richard Catrambone. See attached checks made on the checking account of SG North LLC to pay for the life insurance premiums of Richard Catrambone as recently as June 27, 2011 **Exhibit H.**

22. In order to prevent this from happening, this Court must order third parties to return the real property and trucking companies belonging to Richard Catrambone and to enter an order freezing the assets of LORRAINE CATRAMBONE, SUM EXP, INC., SG NORTH LLC, SG WEST, INC., and SUMMIT EXPRESS, INC. until this Court makes a determination on the complaint for fraudulent transfer and likely turnover orders and, if necessary, seizure and sale by US Marshals. This Court has the authority in a supplementary proceeding to

order third parties to return property belonging to the defendants. *See, e.g., Divane v. Krull Elec. Co., Inc.*, 194 F.3d 845, 847 (7th Cir.1999). Plaintiff will request this Court to order Lorraine Catrambone, LISA CATRAMBONE JACOBSON, DENISE CATRAMBONE GRAY, **SUM EXP, INC., SG NORTH LLC, SG WEST, INC.,** and **SUMMIT EXPRESS, INC.** to return the property to Richard Catrambone to be used to fund the judgment debt defendants owe plaintiff, but a preliminary injunction and immediate discovery is necessary. The IUFTA authorizes an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of any other property. 740 ILCS 160/8(a)(3)(A). Further, the Illinois Business Corporation Act grants a court the power to issue injunctions and take such other action as is necessary or desirable to preserve the corporate assets. 805 ILCS 5/12.60(d).

**D. The Public Interest Would Be Served By Granting The Preliminary Injunction.**

23. The public interest would be served by granting the preliminary injunction. The public has an interest in seeing that parties that enter into commercial agreements honor those agreements and be held accountable when they fraudulently seek to evade the judgment of the court. *Caterpillar, Inc.*, 880 F.Supp. at 593. In this case, the judgment against Richard Catrambone arises out of his breach of several agreements with plaintiff. The public has an interest in seeing that Richard Catrambone does not succeed in his attempts to evade judgment.

24. To the extent that **SG WEST, INC.,** and **SUMMIT EXPRESS, INC.** may claim they are insolvent and no longer conducting business, the public also has an interest in seeing that corporations that are insolvent and are no longer conducting business are purged from the rolls of those corporations authorized to do business by the Illinois Secretary of State. It is in the public interest **SUM EXP, INC., SG NORTH LLC, SG WEST, INC.,** and **SUMMIT EXPRESS, INC.** and any individuals and entities affiliated with them are

enjoined from transferring assets or taking any other actions detrimental to **SUM EXP, INC., SG NORTH LLC, SG WEST, INC.,** and **SUMMIT EXPRESS, INC.** so that their business affairs may be wound up and **SUM EXP, INC., SG NORTH LLC, SG WEST, INC.,** and **SUMMIT EXPRESS, INC.** may be liquidated.

25. Finally, because a request by Plaintiff's counsel for information under the Freedom of Information Act ("FOIA") to the Illinois Department of Revenue has been recently denied and it was stated a subpoena would not be honored **Exhibit I,** and similar requests made pursuant to FOIA to the Internal Revenue Service and the Illinois Secretary of State may be denied and those denials are detrimental to Plaintiff's efforts to determine the true wealth and transfers of monies involved, Plaintiff requests this court specifically allow immediate discovery as to the tax returns and records of the Internal Revenue Service, the Illinois Department of Revenue, and records of the Illinois Secretary of State are specifically allowed as to RICHARD CATRAMBONE, LORRAINE CATRAMBONE, DENISE CATRAMBONE GRAY aka DENISE GRAY, LISA CATRAMBONE JACOBSON aka LISA JACOBSON, SUM EXP INC., SG NORTH, LLC, SG WEST, INC., and SUMMIT EXPRESS, INC.

## CONCLUSION

26. Plaintiff will suffer irreparable harm if the requested preliminary injunction is not issued because his efforts to collect and satisfy the judgment entered in his favor will be further frustrated and hampered. Richard Catrambone made the fraudulent transfers during the underlying litigation without informing plaintiff; given these past actions of Lorraine Catrambone, under the control and domination of Richard Catrambone, it is likely that further attempts to transfer assets will be made to continue frustrating plaintiff's attempts to satisfy the judgment. Plaintiff has a very

strong likelihood of success on the merits of their claims of fraudulent transfer and judicial dissolution, and thus the balancing of harms also favors plaintiffs. Finally, the public interest is served by providing for enforcement of judgments and preventing debtors from taking actions to frustrate those judgments and the powers of the courts.

27. Caselaw supports the use of injunctions to preserve the rights of creditors under the Uniform Fraudulent Transfer Act. *See, e.g., Bowman v. Dixon Theatre Renovation, Inc.*, 221 Ill.App.3d 35, 581 N.E.2d 804, 163 Ill.Dec. 650 (2d Dist. 1991). Injunctive relief is warranted in this case because:

   a. Defendant Richard Catrambone has already demonstrated his willingness to engage in conduct designed to delay, hinder, and defeat the just claims of his creditors, namely transferring funds to a family member without receiving fair (or any) compensation, and entry of an injunction is necessary to prevent further transfers of assets designed to frustrate plaintiff's just claims;
   b. The entry of a temporary injunction will not prejudice the rights of any party hereto;
   c. The entry of a temporary injunction will preserve the status quo;
   d. Plaintiff has demonstrated a likelihood of success on the merits;
   e. Plaintiff has demonstrated a clearly ascertainable right in need of protection, namely, the Judgment in its favor; and
   f. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays for an Order to enter against Defendants and Transferees as follows:

   (a) The Court finds that the evidence provided by plaintiff including registration information from the records of the United States Department of Transportation Federal Motor Carrier Safety Administration that Richard Catrambone is Treasurer and Consultant to Sum Exp Inc. directly contradicts Richard Catrambone's deposition testimony made under oath on August 4, 2011 and thereby demonstrates to this Court that Plaintiff has met its burden in showing a reasonable chance of success as to **SUM EXP INC.** being owned by Richard Catrambone.

   (b) The court finds that the evidence presented by Plaintiff is sufficient to find that Plaintiff has met its burden in showing a reasonable chance of success as to Richard Catrambone's ownership of **SG NORTH, LLC, SG WEST, INC.,** and **SUMMIT EXPRESS, INC.**.

(c) A preliminary injunction hereby issues against **Richard Catrambone, Lorraine Catrambone, SUM EXP INC., SG NORTH, LLC, SG WEST, INC., and SUMMIT EXPRESS, INC..** as follows:

1. **RICHARD CATRAMBONE, LORRAINE CATRAMBONE, SUM EXP INC., SG NORTH, LLC, SG WEST, INC., and SUMMIT EXPRESS, INC..** and/or any agent, employee, or officer thereof, are prohibited from selling, encumbering, moving, assigning any interest(s), disposing, or transferring, any property, <u>including but not limited to</u>:

    a. Vehicles of any kind
    b. Cash, or cash equivalents

2. **RICHARD CATRAMBONE, LORRAINE CATRAMBONE, SUM EXP INC., SG NORTH, LLC, SG WEST, INC., and SUMMIT EXPRESS, INC..** and/or any agent, employee, or officer thereof, are prohibited from causing or allowing any property, including but not limited to trucks, cars, cash, or cash equivalents, outside of the State of Illinois

    **until further order of this court.**

(d) Plaintiff is granted immediate discovery as to **LORRAINE CATRAMBONE, DENISE CATRAMBONE GRAY aka DENISE GRAY, LISA CATRAMBONE JACOBSON aka LISA JACOBSON, SUM EXP INC., SG NORTH, LLC, SG WEST, INC., and SUMMIT EXPRESS, INC.**

(e) **Discovery as to the tax returns and records of the Internal Revenue Service, the Illinois Department of Revenue, and records of the Illinois Secretary of State are specifically allowed as to RICHARD CATRAMBONE, LORRAINE CATRAMBONE, DENISE CATRAMBONE GRAY aka DENISE GRAY, LISA CATRAMBONE JACOBSON aka LISA JACOBSON, SUM EXP INC., SG NORTH, LLC, SG WEST, INC., and SUMMIT EXPRESS, INC.**

(f) Plaintiff is awarded attorneys fees and costs for bringing this action, to be determined upon forthcoming petition.

(g) Any other relief the circumstances may require.

By:

S/_____
Jeffrey J. Antonelli

Jeffrey J. Antonelli
Law Offices of Jeffrey Antonelli, Ltd
30 North LaSalle Street, Suite 3400
Chicago, IL 60602
tel: (312) 201-8310
fax: (312) 332-4663
em: Jeffrey@Antonelli-Law.com

Carlton Odim
Odim Law Offices
225 West Washington Street, #2200
Chicago, Illinois 60606
tel: (312) 578-9390
fax: (312) 924-0201
em: carlton@odimlaw.com