IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | No.   02 C 8700 |
| RICHARD CATRAMBONE and | ) | |
| GREAT LAKES BUILDING | ) | Magistrate Judge Maria Valdez |
| MATERIALS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO LIFT STAY OF PROCEEDINGS

The plaintiff, Thomas Adams, by his attorneys, Carlton Odim and Jeffrey Antonelli, moves the court for an order lifting the stay of proceedings imposed by this court on September 28, 2011. In support of this motion the Plaintiff states:

1.   This case is in its post-judgment phase, the court having entered final judgment in favor of the plaintiff on September 10, 2010 [Docket # 277].

2.   On September 16, 2011 the plaintiff filed petitions to cancel fraudulent transfers, petitions for preliminary injunction and a petition for a temporary restraining order. [Docket #'s 323 - 328]. The court issued a temporary restraining order on September 21, 2011, allowed the defendant until September 28, 2011 to respond to the pending petitions, and scheduled the hearing on the preliminary injunction petitions for September 29, 2011. [Docket # 332]

3.   On September 28, 2011 the court ordered that "[t]his case is hereby stayed until further order of court" [Docket # 336], because the defendant filed for bankruptcy [Docket # 335].

1

4. On April 10, 2013, the bankruptcy court, after a trial on plaintiff's adversary complaint,[1] refused to discharge Catrambone's obligation under this court's December 10, 2010 judgment and instead entered judgment in favor of Thomas Adams. A copy of the court's judgment is attached as Exhibit 1.

5. Catrambone timely filed an appeal of the bankrupcy court's adversary judgment.

6. The enforcement of a final judgment order entered in an adversary proceeding is automatically stayed from enforcement for 14 days following their entry unless the bankruptcy court orders otherwise. *See* Fed. R. Bank. P. 7062, Fed. R. Civ. P. 62(a).

7. To stay the execution of a judgment as a matter of right, the defendant must provide a supersedeas bond at or after filing a notice of appeal. Fed. R. Bank. P. 8005 provides that "[a] motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance." Fed. R. Bank. P. 8005.

8. More than 14 days have passed since the bankruptcy court entered judgment against Catrambone and he has not filed a supersedeas bond.

9. Thomas Adams wishes to proceed with his post-judgment remedies against Catrambone in the instant case, particularly the petitions filed with this court on September 16, 2011 to cancel fraudulent transfers, petitions for preliminary injunction and a petition for a temporary restraining order. [Docket #'s 323 - 328].

---

[1] Thomas Adams v. Richard Catrambone, Sr., 11 A 02673 (USBC ND Illinois)

WHEREFORE, Thomas Adams respectfully requests that this Court enter an order lifting the stay it imposed on September 28, 2011 and enter such further and related orders as the court sees fit.

        Respectfully submitted,
        Thomas Adams

        By: /s/ Carlton Odim
        Odim Law Offices
        225 West Washington Street
        Suite 2200
        Chicago, Illinois 60606
        (312) 578-9390


        By: /s/ Jeffrey Antonelli
        Law Office of Jeffrey J. Antonelli, Ltd.
        30 North La Salle Street
        Suite 3400
        Chicago, IL 60602
        (312) 201-8310

# EXHIBIT 1

## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | Bruce W. Black | ADV. NO. | 11 AP 02673 |
|---|---|---|---|
| **DATE** | April 10, 2013 | **CASE NO.** | 11 B 39311 |
| **CASE TITLE** | In re:<br>Richard Catrambone, Sr.,<br>Debtor.<br><br>Thomas Adams, Plaintiff,<br>v.<br>Richard Catrambone, Sr., Defendant. | | |
| **TITLE OF ORDER** | Judgment Order | | |

**DOCKET ENTRY TEXT**

Judgment is rendered in favor of the Debtor/Defendant under §523(a)(2). Judgment is rendered in favor of the Plaintiff under §523(a)(4) & (a)(6), and the Defendant's debt to the Plaintiff in the amount of $575,507.37, from case 02 C 8700, in the United States District Court for the Northern District of Illinois is determined to be non-dischargeable.

### JUDGMENT ORDER

The complaint in this case alleges violation of §523 (a)(2), (a)(4), and (a)(6) of the Bankruptcy Code. The plaintiff relies primarily on the doctrine of collateral estoppel to prove his case. For the reasons stated herein, judgment is entered in favor of the defendant on §523(a)(2) and judgment is entered in favor of the plaintiff on §523(a)(4) & (a)(6).

1

| Name of Assigned Judge | Bruce W. Black | ADV. NO. | 11 AP 02673 |
|---|---|---|---|

### Facts

The plaintiff relies on a case tried in the District Court for this district which resulted in judgment for the plaintiff for causes of action of Back Wages (Count II), Tortious Interference with a Business Expectancy (Count IV), and Breach of Fiduciary Duty (Count V).

In support of its case, the plaintiff has introduced eight exhibits. Five are documents from the District Court: (1) the complaint, (2) the jury instructions, (3) the jury verdict, (4) the judgment, and (5) Judge Valdez's Memorandum Opinion Order. Three exhibits are documents from this adversary proceeding: (1) the complaint, (2) the answer, and (3) the affidavit of Richard Catrambone. In addition to the exhibits, the plaintiff offered the testimony of the plaintiff which took approximately five minutes. There was no cross-examination. The defendant presented exhibits which were admitted, but no testimony.

### Discussion

To prevail on the charge pursuant to §523 (a)(2), the plaintiff must provide by a preponderance of the evidence, one of three causes of action: actual fraud, false pretenses, or false representation. The plaintiff has failed to specify, though invited to do so, how specifically he believes the District Court judgment entitles him to judgment here. He simply points to pages 19, 20, 24, & 25 of plaintiff's exhibit number 2. These pages contain the issues instructions on the causes of action for breach of fiduciary duty and tortuous interference with business expectancy. The plaintiff has not pointed to anything in the evidence that would constitute a finding that the defendant made any kind of a false representation.

2

| Name of Assigned Judge | Bruce W. Black | ADV. NO. | 11 AP 02673 |

The jury could have found that the defendant "intentionally and unjustifiably" and "improperly terminated" plaintiff from employment with Great Lakes Building Materials, Inc. (GLBM) and that the plaintiff was damaged thereby. Nothing in such a determination is sufficient to allow this court to conclude that the defendant committed fraud or to entitle the plaintiff to prevail on his §523 (a)(2) claim. Accordingly, judgment for the defendant will be entered on that claim.

To prevail on the charge pursuant to §523 (a)(4), the plaintiff must prove by a preponderance of the evidence, fraud or defalcation while acting as a fiduciary. (The plaintiff is not seeking recovery based on larceny.) The Seventh Circuit has found that a fiduciary relationship exists for purposes of §523(a)(4) when there is a difference in knowledge or power between the fiduciary and principal which gives the former a position of ascendency over the latter. *In re Marchiando*, 13 F.3d 1111, 1116 (7th Cir. 1994).

The plaintiff cites the same jury instructions, verdict and memorandum in support in this cause of action. Again, these materials do not support a finding of fraud. The jury did find that the defendant owed a fiduciary duty to the plaintiff and that the defendant breached that duty. The plaintiff's brief but unrebutted testimony at trial constitutes further evidence of ascendency as required by §523(a)(4). Specifically, the plaintiff testified that he dealt with the sales of the company and that defendant had sole access to the computer with the financial statements. Thus, the remaining issue regarding §523 (a)(4) is whether the conduct that the jury found to have occurred constitutes defalcation. The Court concludes that it does.

Defalcation within the context of §523(a)(4) is defined as "the misappropriation of

| Name of Assigned Judge | Bruce W. Black | ADV. NO. | 11 AP 02673 |
|---|---|---|---|

trust funds held in any fiduciary capacity, and the failure to properly account for such funds." *Strube Celery & Vegetable Co., Inc. v. Zois*, 201 B.R. 501, 506 (Bankr. N.D. Ill. 1996) (internal citation omitted). Courts use an objective standard to determine defalcation; no intent or bad faith is required. *Id.* The Seventh Circuit held that defalcation requires more than mere negligence, but less than fraud. *In re Kusmierek*, 224 B.R. 651 (Bankr. N.D. Ill. 1998). Judge Valdez entered a memorandum opinion in the District Court case, finding that the defendant breached his fiduciary duty to the plaintiff and that plaintiff's damages were caused by insider dealing, diversion of money and profit, and wrongful termination. The District Court made the following findings: the defendant "improperly overcharged GLBM . . . without disclosure or approval of" the plaintiff, "diverted monies and profits belonging to GLBM and [plaintiff]," and "wrongfully terminated [plaintiff] as a shareholder, officer and employee in GLBM." The defendant's wrongful diversion of money and profits under his sole access constitutes more than mere negligence. Thus, the defendant's misconduct rises to the level of defalcation under §523(a)(4).

To prevail on the charge pursuant to §523 (a)(6), the plaintiff must prove by a preponderance of the evidence that (1) the defendant intended to and did cause economic injury to the plaintiff, (2) the defendant acted willfully, and (3) the defendant acted maliciously. "Willful" under §523(a)(6) means the subjective intent to cause injury and not merely the intent to act that leads to an injury. *In re Prairie Eye Center v. Butler*, 297 B.R. 741, 746 (Bankr. C.D. Ill. 2003). To prove malice, a creditor must show that the debtor's willful conduct was undertaken without just cause or excuse. *Id.* To support this charge, the plaintiff cites page 25 of the jury instructions, the definition of willful and wanton

4

| Name of Assigned Judge | Bruce W. Black | ADV. NO. | 11 AP 02673 |
|---|---|---|---|

conduct, and the memorandum of Judge Valdez.

The doctrine of collateral estoppel is applicable to adversary proceedings pursuant to §523(a). *Grogan v. Garner*, 498 U.S. 279, 284 (1991). In the Seventh Circuit, four requirements must be met for collateral estoppel to apply: "(1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) the issue must have been actually litigated; (3) the determination of the issue must have been essential to the final judgment; and (4) the party against whom estoppel is invoked must be fully represented in the prior action." *Butler*, 297 B.R. at 747. A bankruptcy court is required to give an Illinois judgment preclusive effect whenever the Illinois courts would do so. *Id.*

In this case, the defendant does not dispute three of the four requirements. He simply asserts that the facts proved in the District Court do not establish the elements the plaintiffs must prove to prevail under §523, namely that the plaintiff did not meet the third requirement. The Court finds that the third requirement – that the issue was central to the final judgment – has been met. The factual findings made by Judge Valdez in the memorandum opinion that the defendant willfully and wantonly breached his fiduciary duties to plaintiff and interfered with plaintiff's business expectancy with GLBM are necessary to support a finding that the debt was a result of willful and malicious injury. Therefore, the Court agrees with the logic *In re Prairie Eye Center v. Butler*, 297 BR 741 (Bankr. C.D. Ill. 2003), and concludes that the plaintiff has proved his cause of action under §523 (a)(6).

## Conclusion

For the reasons stated above, judgment is entered in favor of the defendant under

| Name of Assigned Judge | Bruce W. Black | ADV. NO. | 11 AP 02673 |
|---|---|---|---|

§523(a)(2). Judgment is entered in favor of the plaintiff under §523(a)(4) & (a)(6). The judgment against the defendant in the District Court in the amount of $575,507.37 is determined to be non-dischargeable.

Dated:

_____
Bruce W. Black
United States Bankruptcy Judge