IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS ADAMS, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | |
| | ) | No. 02 C 8700 |
| RICHARD CATRAMBONE and | ) | |
| GREAT LAKES BUILDING | ) | Magistrate Judge Maria Valdez |
| MATERIALS, INC., | ) | |
|     Defendants. | ) | |

**PLAINTIFF'S MOTION TO FIND RICHARD CATRAMBONE, LORRAINE CATRAMBONE, SG NORTH, LLC AND/OR SUM EXP, INC. IN CONTEMPT**

Plaintiff, by and through his attorneys, respectfully moves this Court to find Richard Catrambone, Lorraine Catrambone, SG North, LLC, and/or Sum Exp, Inc., in contempt of the Temporary Restraining Order entered on September 22, 2011, and in support of this motion, states the following:

1. The Plaintiff filed a Motion for a Preliminary Injunction on September 16, 2011. (See docket entry 324, 326, 327).

2. This Court entered a temporary restraining order in this case on September 22, 2011. (See docket entry #333. Copy attached as Exhibit 1).

3. This Honorable Court stayed this case on September 28, 2011 pursuant to Defendant Richard Catrambone's suggestion of bankruptcy filed on September 28, 2011. (See docket entry 336).

4. This Honorable Court lifted the stay on June 27, 2013. (See docket entry 343).

5. This Honorable Court set the Preliminary Injunction hearing date to November 7, 2013. (See docket entry 362).

6. Upon information and belief, Richard Catrambone, Lorraine Catrambone, SG North LLC and Sum Exp Inc., have violated this Court's Temporary Restraining Order and should be held in contempt.

7. This Court can enforce its orders through civil contempt proceedings. *Shillitani V. United States*, 384 U.S. 364, 370 (1966).

8. Contempt can be established if the court finds "clear and convincing evidence that [a party] has violated the express and unequivocal command of a court." *In re Resource Tech. Corp.,* 624 F.3d at 387.

9. A party can be held in contempt if: (1) the order sets forth an unambiguous command; (2) a party violated that command; (3) the violation was significant, meaning the party did not substantially comply with the order; and (4) the party failed to take steps to

reasonably and diligently comply with the order. *See FTC v. Trudeau,* 579 F.3d 754, 763 (7th Cir. 2009).

10. This court entered an unambiguous order when it entered a Temporary Restraining Order on September 22, 2011, prohibiting Richard Catrambone, Lorraine Catrambone, SG North LLC and Sum Exp Inc. from selling, encumbering, assigning any interest(s), disposing or transferring any property.

11. The Court's unambiguous order enjoined Richard Catrambone, Lorraine Catrambone, Sum Exp, Inc., SG North LLC, SG West Inc., and Summit Express Inc., from "selling, encumbering, assigning any interest(s), disposing, or transferring any property, including but not limited to (i) vehicles of any kind; and or (ii) cash, or cash equivalents." (See Court's Temporary Restraining Order, paragraph (c)(2)(a)).

12. The Court's unambiguous order further enjoined Richard Catrambone, Lorraine Catrambone, Sum Exp, Inc., SG North, LLC, SG West, Inc. and Summit Express, Inc., and/or any agent, employee, or officer thereof, from "causing or allowing any property, including but not limited to trucks, cars, cash or cash equivalents, to be moved outside the State of Illinois." (See Court's Temporary Restraining Order, paragraph (c)(2)(b)).

13. On October 8, 2013, Plaintiff received bank documents from Republic Bank in response to a citation served.

14. Among those documents are checks written from SG North, LLC, one of the parties enjoined by the court, to Lorraine Catrambone, after entry of the Temporary Restraining Order, totaling more than approximately $85,000. On information and belief, these disbursements were not made in the ordinary course of business, and therefore violate the temporary restraining order. (See Exhibit 2).

15. The documents also contain a check from Sum Exp, Inc., one of the parties enjoined by the court, to Lorraine Catrambone, dated December 11, 2011, for $600. On information and belief, this disbursement was not made in the ordinary course of business, and therefore violates the temporary restraining order. (See Exhibit 2).

16. Upon information and belief, SG North, LLC sold, assigned, or transferred a truck to Asta Sirvinskiene, on or about February 2013, in violation of the Temporary Restraining Order. The truck was a 2004 Freightliner, Model FL70. (See Exhibit 3).

17. In his Motion to Cancel Fraudulent Transfers, Plaintiff asserted that SG North LLC and Sum Exp Inc., are assets of Richard Catrambone, and that they are used to conceal assets from his creditors.

18. Plaintiff further asserted that his wife Lorraine Catrambone is named as the nominal owner for SG North LLC, and Sum Exp Inc., in order to conceal assets from his creditors.

19. The Court found these arguments persuasive, and held the Plaintiff "met his burden of showing a reasonable likelihood of success as to Sum Exp Inc. and SG North LLC being owned by Richard Catrambone" in its Temporary Restraining Order. (See Exhibit 1, paragraph b).

20. These disbursements of assets violate the Court's Temporary Restraining Order and therefore these parties should be held in contempt.

WHEREFORE, Plaintiff respectfully requests that this honorable Court grant his Motion to hold Richard Catrambone, Lorraine Catrambone, SG North, LLC, and/or Sum Exp, Inc. in Contempt of this Court's Temporary Restraining Order and award any further relief that this Court deems just and proper.

Respectfully Submitted,

Thomas Adams

By: s/Melissa Brabender____
Plaintiff's Attorney

Jeffrey Antonelli
Antonelli Law Ltd.
100 North LaSalle Street, Suite 2400
Chicago, IL  60602
Counsel for Plaintiff

Carlton Odim
Odim Law Offices
225 West Washington Street, #2200
Chicago, Illinois 60606
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on October 23, 2013, the foregoing Plaintiff's Notice of Motion and Motion were served upon the following parties via electronic filing. Notice of this filing will be accomplished pursuant to ECF as to Filing Users and shall comply with Local Rule 5.5 as to any party who is not a Filing User or represented by a Filing User. Parties may access this filing through the Court's system.

TO: Ariel Weissberg
Weissberg & Associates
401 S. LaSalle St., Ste 403
Chicago, IL 60605
Attorney for Richard Catrambone, Great Lakes Building Materials, Inc., and Lorraine Catrambone

By: /s Melissa Brabender
Plaintiff's Attorney

Jeffrey Antonelli
Antonelli Law Ltd.
100 North LaSalle Street, Suite 2400
Chicago, IL 60602
Counsel for Plaintiff

Carlton Odim
Odim Law Offices
225 West Washington Street, #2200
Chicago, Illinois 60606
Counsel for Plaintiff